IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ROSALIND PRIDE, as Plaintiff Ad Litem, )
As Next Friend of RLP and )
RMP, and Individually, )
)
and )
)
RYAN JEROME PRIDE, RAPHAEL )
ALEXANDER PRIDE, RENEA MARCIA )
PRIDE, RLP, and RMP )
)
       Plaintiffs, )
)
v. ) Case No.
)
UNITED STATES OF AMERICA, )
)
       Defendant. )

## COMPLAINT

COME NOW plaintiffs, Rosalind Pride, Ryan Jerome Pride, Raphael Alexander Pride, Renea Marcia Pride, RLP, and RMP, (hereinafter referred to as "plaintiffs"), by and through their attorneys of record, Hall Ansley, P.C., and for their cause of actions against the United States of America state:

1.    This is a matter involving the Federal Tort Claims Act pursuant to 28 U.S.C.A. §§ 2671 et. seq. brought by plaintiffs against the United States of America. This Court has jurisdiction pursuant to 28 U.S.C.A §1346(b).

2.    Pursuant to 28 U.S.C. § 1391(e), venue is proper in the Judicial District where a plaintiff resides if no real property is involved in the action. Plaintiffs currently

reside in Lebanon, Laclede County, Missouri.  Therefore, venue is proper in the United States District Court for the Western District of Missouri, Southern Division.

3. Plaintiffs' claims arose from acts or omissions which occurred at Fort Leonard Wood Army Community Hospital in Fort Leonard Wood, Missouri, on or about February 26, 2016, and thereafter at Harry S. Truman Memorial Veterans Hospital in Columbia, Missouri, from February 26, 2016 through February 28, 2016.

4. All plaintiffs filed Federal Tort Claims against both the Department of the Army and the Department of Veterans Affairs within two years from the occurrence. Said claims were timely filed pursuant to 28 U.S.C. § 2401 and 28 U.S.C. § 2671 to 2680 on or about May 30, 2017.

5. After six months of filing this claim neither the Department of the Army or the Department of Veterans Affairs denied the claims despite there being communication between the parties regarding the claims. Plaintiffs have the option of filing suit after the expiration of the six months.

6. At all times herein mentioned Reginald Pride was the husband of Rosalind Pride and the father of Ryan Jerome Pride, Raphael Alexander Pride, Renea Marcia Pride, RLP, and RMP.

7. At all times mentioned, plaintiff Ryan Jerome Pride was, and still is, a resident of Lebanon, Missouri, Laclede County. The first child is the natural son of the decedent, Reginald Pride.

8. At all times mentioned, plaintiff Raphael Alexander Pride was, and still is, a resident of Lebanon, Missouri, Laclede County. The second child is the natural son of the decedent, Reginald Pride.

9. At all times mentioned, plaintiff Renea Marcia Pride was, and still is, a resident of Lebanon, Missouri, Laclede County. The third child is the natural daughter of the decedent, Reginald Pride.

10. At all times mentioned, plaintiff RLP was, and still is, a resident of Lebanon, Missouri, Laclede County. The fourth child is the adopted minor daughter of the decedent, Reginald Pride.

11. At all times mentioned, plaintiff RMP was, and still is, a resident of Lebanon, Missouri, Laclede County. The fifth child is the adopted minor daughter of the decedent, Reginald Pride.

12. Rosalind Pride, Ryan Jerome Pride, Raphael Alexander Pride, Renea Marcia Pride, RLP, and RMP are authorized to bring this action pursuant to R.S.Mo. 537.080(1)(2000). There are no class members other than plaintiffs.

13. At all times material, defendant, the United States of America, through the Department of the Army, was engaged in the activity of operating a hospital, in particular, the General Leonard Wood Army Community Hospital (hereinafter referred to as "Fort Leonard Wood Hospital") in Fort Leonard Wood, Pulaski County, Missouri. Fort Leonard Wood Hospital provided medical care, treatment and services through its agents, employees, physicians, surgeons, nurses, and nurse practitioners to Reginald Pride.

14. At all times material, defendant, the United States of America, through the Department of Veterans Affairs, was engaged in the activity of operating a hospital, in particular, the Harry S. Truman Memorial Veterans Hospital (hereinafter referred to as "VA Hospital") in Columbia, Boone County, Missouri. VA Hospital provided medical care, treatment and services through its agents, employees, physicians, surgeons, nurses, and nurse practitioners to Reginald Pride.

15. Plaintiffs allege agents servants, and employees of Fort Leonard Wood Hospital and VA Hospital, while acting in the scope and course of their employment for the United States Government, negligently treated Reginald Pride, causing personal injury and damages and ultimately his untimely death as more fully set forth below.

## COUNT I

16. Plaintiffs hereby reincorporate, restate, and reallege the allegations contained in paragraphs 1-15, inclusive as though fully restated herein *en haec verba*.

17. On or about February 26, 2016, Reginald Pride presented himself to the emergency department of Fort Leonard Wood Hospital at 4:16 am complaining of an acute onset of headache, vertigo, shortness of breath, and vomiting. He was awakened at approximately 3:00 am with said headache and noted he was dizzy and having difficulty getting to the bathroom. Defendant Fort Leonard Wood Hospital wrote orders to transfer patient non-emergently to Defendant VA Hospital for observation.

18. On or about February 26, 2016 at approximately 10:36 am, Reginald Pride arrived at the VA Hospital emergency department complaining 7/10 pain. Reginald was evaluated in the emergency department and thereafter admitted to the floor.

4

19. On or about February 26, 2016, at 12:30, Reginald Pride was evaluated once admitted to the hospital floor. A history was obtained and a physical was performed where it was noted that Reginald Pride suffered from "mild nystagmus with extreme lateral gaze" ... with a noted "unsteady gait." The staff at the VA Hospital opined that Reginald Pride was suffering from "dizziness with associated nausea and vomiting consistent with possible peripheral vertigo versus possible presentation of migraine headache." The plan was to start meclizine 12.5 mg every 8 hours and "consider neurology consult in AM for further evaluation."

20. On or about February 26, 2016, during the afternoon, nursing staff noted Reginald Pride had "noted slight drooping of right lid briefly after awakened from nap at 3:15 pm." The nurses noted Reginald Pride was experiencing continuous head pressure with pain noted to be 8/10 despite pain relievers as well as having impaired balance and the need for partial assistance in performing activities of daily living. The charge nurse was notified of Reginald's status.

21. On the evening of February 26, 2016 after 9:00 pm, the nursing staff noted Reginald Pride continued to complain of significant headache pain (7/10), dizziness "when he tries to get up", and nausea. The on call physician was notified, but no physical evaluation was performed.

22. On or about February 27, 2016, Reginald Pride continued to complain of headache with no relief from medications. The staff noted the room was dark and Reginald's wife present at bedside and was tearful as she had never observed her husband having these symptoms before. The staff order additional pain medications and noted to

"consider neurology consult in AM for further evaluation as well as considering use of CPAP machine for the evening.

23. On or about February 27, 2016 through the night shift, Reginald's speech became "increasingly mumbled."

24. On or about February 28, 2016, in the early morning Reginald Pride fell in the bathroom and at approximately 4:00am, this fall was reported to a physcian.

25. On or about February 28, 2016, at 5:12 am, a resident physician ordered neuro-checks every two hours and to give blood pressure medication at that time.

26. On or about February 28, 2016 at approximately 8:00 am, nursing staff noted Reginald's pain was 9/10 with a blood pressure of 199/106 despite the blood pressure medication being given. A routine neurology consult was ordered.

27. On or about February 28, 2016, by 8:31 am, Reginald was suffering from 10/10 pain, "worst imaginable pain". More morphine was given.

28. On or about February 28, 2016 after 8:31 and before 9:30, Reginald Pride suffered from a second unwitnessed fall. A CT of the head was order STAT at 9:30 am and neuro checks were ordered to every hour as opposed to every two hours.

29. On or about February 28, 2016, apparently at 10:15 am, a "STAT TEAM MEETING" is activated due to a change in Reginald's mental status.

30. On or about February 28, 2016, the report of the CT of the head revealed severe compression of the brainstem. The underlying pathology was noted to be a cerebellar infarction with edema.

31. On or about February 28, 2016, the staff at the VA Hospital realized that Reginald Pride needed immediate neurosurgery and ultimately transferred Reginald Pride to the University of Missouri Columbia at approximately 10:56 am.

32. On or about February 28, 2016, a neurosurgical evaluation was performed and it was determined that Reginald Pride was suffering from a "large evolving left cerebellar infarction with effacement of the fourth ventricle and prepontine cisterns consistent with severe crowding of the posterior fossa. This was highly concerning for impending herniation suffered from a cerebellar stroke, cerebellar edema and brainstem compression as well as obstructive hydrocephalus. Emergent surgery was recommended.

33. On or about February 28, 2016, the neurosurgical team at the University of Missouri Hospital performed a suboccipital craniectomy for decompression, duraplasty and a C1 laminectomy. Thereafter Reginald Pride was taken to neurosurgical intensive care for continuous monitoring and treatment interventions.

34. On or about March 10, 2016, despite the efforts made at University of Columbia, Reginald Pride died.

35. At all times relevant herein defendant United States of America, through the staff of Fort Leonard Wood Hospital, had a duty to possess and use that degree of skill and learning ordinarily used in the same or similar circumstances by members of its profession in the treatment of Reginald Pride. Defendant United States of America, breached its duty, was careless, negligent, and at fault in the following respects:

    a. failed to timely obtain a neurological consult prior to transferring Reginald Pride to another healthcare provider;

7

b. negligently failed to transfer the Reginald Pride for immediate neurological consult;

c. negligently read the CT as normal;

d. Negligently failed to order an MRI of the head and

e. Negligently failed to timely transfer Reginald Pride to a hospital that had neurosurgical services.

39. Defendant United States of America, through the staff at VA Hospital., had a duty to possess and use that degree of skill and learning ordinarily used in the same or similar circumstances by members of its profession in the treatment of Reginald Pride. Defendant United States of America, breached its duty, was careless, negligent, and at fault in the following respects:

a. Negligently and carelessly failed to timely order an MRI of the brain;

b. Negligently and carelessly failed to timely obtain a neurological consult;

c. Negligently failed to timely notify physicians of change in neurological condition while being observed on February 26, 2016;

d. Negligently failed to timely notify physicians of change in neurological condition while being observed on February 27, 2016;

e. Negligently failed to timely notify physicians of change in neurological condition while being observed on February 28, 2016; and

8

f.  Negligently failed to timely transfer Reginald Pride to a hospital that had neurosurgical services.

40. That as a direct and proximate result of the carelessness and negligence of the defendants as described herein, Reginald Pride died.

41. That as a direct and proximate result of the carelessness and negligence of the defendants, decedent Reginald Pride was caused great physical pain and anguish prior to his untimely death.

42. As decedent's spouse and children, plaintiffs have, as a direct and proximate result of the defendants' negligence, lost services, counseling, consortium, companionship, comfort, instruction, guidance, and support of Reginald Pride.

43. That as a direct and proximate result of the negligence and carelessness of the defendants, plaintiff Rosiland Pride has lost financial income as a result of the untimely death of Reginald Pride and has had to incur additional expense in running the household.

44. That as a direct and proximate result of the negligence and carelessness of the defendants, plaintiffs incurred funeral expenses resulting in Reginald Pride's untimely death.

WHEREFORE, plaintiffs Rosalind Pride, Ryan Jerome Pride, Raphael Alexander Pride, Renea Marcia Pride, RLP, and RMP, pray for judgment against the defendants United States of America, for such damages for the wrongful death as shall be determined to be fair and reasonable under the circumstances; for costs, together with

interest at the highest legal rate allowed from the date of judgment; and for such other and further relief as this Court deems just and proper.

## COUNT II

COMES NOW plaintiff Rosalind Pride, plaintiff ad litem for Reginald Pride, by and through her attorneys of record Hall Ansley, P.C., and for Count II of plaintiffs' cause of action against defendant United States of America, states, alleges, and avers to the Court as follows:

45. Plaintiffs restate, reallege, re-aver, and reincorporate herein and by reference each and every allegation contained in paragraphs 1 through 44 of Count I of plaintiffs' petition as though the same were set forth *en haec verba*.

46. As a direct and proximate result of the carelessness, negligence, and fault of the defendants, and each of them, jointly and severely as aforesaid, Reginald Pride was caused great physical pain and anguish and as a further result of the negligence, Reginald Pride died.

47. As a direct and proximate result of the negligence, carelessness, and fault of defendants as alleged in Count I of plaintiffs' petition herein, Reginald Pride suffered a lost chance of survival.

48. As a direct and proximate result of the carelessness, negligence, and fault of the defendants as alleged in Count I of plaintiffs' petition herein, Reginald Pride suffered damages equal to the value of his lost life multiplied by the percentage of chance of survival; such calculations include, but are not limited to, his loss of enjoyment of life; his mental distress and emotional trauma from his awareness of his lost opportunity for

survival; for the lost opportunity for an earlier and more effective treatment; for medical expenses incurred; and for the lost opportunity for the chance of realizing any resulting gain in life expectancy and/or physical or mental comfort.

WHEREFORE plaintiff Rosalind Pride, as plaintiff ad litem for Reginald Pride, prays for judgment against defendant United States of America for such damages as shall be determined fair and reasonable under the circumstances; for costs herein incurred and for such other and further relief as the Court deems just and proper.

HALL ANSLEY, P.C.

By: /s/ Deborah K. Dodge
DEBORAH K. DODGE
Missouri Bar No. 44478

3275 E. Ridgeview St.
Springfield, MO 65804
Telephone: (417) 890-8700
Facsimile: (417) 890-8855
E-mail: ddodge@hallansley.com
*Attorneys for Plaintiffs*